United States District Court
Southern District of Texas
**ENTERED**
February 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AKEEM ALAJUWON GREEN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | CIVIL ACTION NO. H-21-3391 |
| v. | § | |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254, challenging his state conviction. Respondent filed a motion for summary judgment (Docket Entry No. 23), to which petitioner filed a response. (Docket Entry No. 24.)

Having considered the motion for summary judgment, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Petitioner pleaded guilty to burglary of a habitation in Harris County, Texas, and was sentenced to sixteen years' imprisonment on November 17, 2017. His direct appeal was dismissed for want of jurisdiction as barred by the guilty plea, and no petition for discretionary review was filed. Petitioner's first application for state habeas relief was dismissed because his direct appeal was pending. His second application for habeas relief,

filed on October 3, 2018, was denied by the Texas Court of Criminal Appeals on December 16, 2020.

The state court record shows that petitioner originally pleaded not guilty; a jury was chosen and the burglary of a habitation charges – as enhanced by two prior convictions – proceeded to trial. The State presented four witnesses, including two police officers, a courtesy officer, and a pawn shop employee. Prior to completion of the testimony and before the State rested, a break was taken from the proceedings. When the parties returned on the record, petitioner entered an open plea of guilty outside the presence of the jury. The trial court accepted the guilty plea and subsequently sentenced petitioner to a sixteen-year term of incarceration. (Docket Entry No. 21-4.)

Petitioner filed the instant federal habeas petition on September 28, 2021, raising the following claims:[1]

1. The state habeas courts did not follow their own procedures in adjudicating his state habeas application.

2. The state habeas court's factual findings are not supported by the record.

3. The state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

4. The trial court denied him his right to self-representation.

5. The guilty plea was involuntary and unknowing due to trial counsel's erroneous advice.

---

[1]Petitioner sets forth an abbreviated list of claim in his memorandum of law. (Docket Entry No. 3, p. 5.) The Court will rely on the expanded list set forth in the habeas petition. (Docket Entry No. 1.)

2

6. The guilty plea was involuntary and unknowing due to trial counsel's coercion.

7. Trial counsel was ineffective in failing to strike a biased venireperson.

8. Trial counsel was ineffective in failing to move for a mistrial premised on a police officer's improper testimony.

9. Trial counsel was ineffective in failing to move for a mistrial premised on unauthenticated video evidence.

10. The trial court erroneously imparted his opinion of the case.

11. The trial court stated that police officers are more credible than lay witnesses.

12. The trial court abused its discretion in failing to instruct a witness as requested by defense counsel.

Respondent argues that habeas relief should be denied because petitioner's claims are unexhausted, procedurally barred, waived, and/or otherwise without merit.

## II. LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme

Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

However, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–103 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31. This presumption of correctness extends not only to

express factual findings, but also to implicit or unarticulated findings which are necessary to the state court's conclusions of mixed law and fact. *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018).

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## III. PROCEDURALLY DEFAULTED CLAIMS

In his first, second, third, fifth, and sixth habeas claims, petitioner argues that the state habeas courts findings of fact were unsupported in the record; their adjudication was unreasonable; and that his guilty plea was unknowing and involuntary due to trial counsel's erroneous advice and coercion. Respondent contends that these claims are unexhausted, procedurally defaulted, and cannot be considered by this Court.

A petition for federal writ of habeas corpus will not be granted unless an applicant has exhausted state court remedies or there is either an absence of state court remedies or those remedies are insufficient to protect the applicant's rights. 28 U.S.C. § 2254 (b)(1)(A), (B). The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The petitioner must present his claims to the highest court of the state; in Texas, this is the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

For exhaustion, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. Presenting a "somewhat similar state-law claim" is not enough. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001). Where a petitioner fails to exhaust his state remedies and any attempt to exhaust those

remedies would now be procedurally barred, those claims are procedurally defaulted for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

In the instant case, the state court record shows that petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals; accordingly, his did not exhaust any federal habeas claims through direct state review. Moreover, petitioner's first application for state habeas relief was dismissed on procedural grounds, as his direct appeal was still pending at the time. In filing his second application for state habeas review, petitioner presented only grounds four and seven through twelve; he did not present grounds one, two, three, five, and six, and these latter claims are unexhausted. For the Court to reach the merits of these unexhausted claims, petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner does not meet his burden of proof as to either of these exceptions.

If petitioner were to attempt to present these unexhausted claims to the Texas Court of Criminal Appeals in a subsequent state habeas application, the application would be procedurally barred under the Texas abuse-of-the-writ doctrine, codified at Texas Code of Criminal Procedure Article 11.07, §4. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (noting that the Texas Court of Criminal Appeals will as a rule dismiss as an abuse of

7

the writ an application for a subsequent writ of habeas corpus raising issues that existed at the time of the first writ).

Thus, petitioner's first, second, third, fifth, and sixth grounds for federal habeas relief are unexhausted, procedurally defaulted, and barred from consideration by this Court. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997) (same).

Respondent is entitled to summary judgment dismissal of petitioner's first, second, third, fifth, and sixth grounds for habeas relief. These claims are **DISMISSED WITH PREJUDICE** as unexhausted and procedurally defaulted.

### IV. CLAIMS WAIVED BY GUILTY PLEA

In his seventh, eighth, ninth, tenth, eleventh, and twelfth grounds for habeas relief, petitioner contends that trial counsel was ineffective in failing to move to strike a biased venireperson, in failing to move for a mistrial following admission of improper testimony, and in failing to move for a mistrial after an unauthenticated video was admitted into evidence; that the trial court erroneously imparted its opinion of the case to the jury pool during voir dire and instructed the jury pool that police officers are more credible than lay witnesses; and the trial court abused its discretion in failing to instruct a witness as requested by defense counsel.

As correctly posited by respondent, these claims are pre-plea issues that were waived by petitioner's guilty plea. It has long been recognized that, by entering a guilty plea, a defendant waives all non-jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Any challenge to a conviction obtained by a guilty plea is limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Diaz v. Martin*, 718 F.2d 1372, 1376–77 (5th Cir. 1983). Consequently, petitioner's seventh through twelfth habeas grounds were waived by his voluntary and knowing guilty plea and present no grounds for federal habeas relief.

Even assuming these claims were not waived, habeas relief is unwarranted. The state court on collateral review rejected petitioner's claims for habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.

Respondent is entitled to summary judgment dismissal of petitioner's habeas claims, and petitioner's seventh, eighth, ninth, tenth, eleventh, and twelfth grounds for habeas relief are **DISMISSED WITH PREJUDICE**.

## V. REMAINING CLAIMS

A. <u>State Court Procedural Infirmities</u>

As part of the argument in his first claim for relief, petitioner complains that the state courts failed to follow their own procedures and rules. Specifically, he raises claims such as the state court's failure to address all of his *pro se* motions, comply with time deadlines, or resolve all of his issues; and that it disposed of his case without "a constitutionally-required quorum." He further complains that the state intermediate court of appeals mishandled his direct appeal.

These and petitioner's related complaints regarding the state courts' processing of his case on direct appeal and collateral review do not raise cognizable federal habeas claims. "[S]tate courts are the ultimate expositors of state law," *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975), and "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Federal habeas courts may not "reexamine state-court determinations on state-law questions," *id.*, as they "do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007). Thus, "[t]he Supreme Court has repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas. *Id.*

Moreover, alleged errors or irregularities or infirmities in state habeas proceedings do not raise cognizable claims for federal habeas relief. *Ladd v. Stevens*, 748 F.3d 637, 644

(5th Cir. 2014). This is because an attack on the validity of a state habeas proceeding does not impact the validity of the underlying state criminal conviction. *Rudd v. Johnson*, 256 F.3d 317, 319–20 (5th Cir. 2001) (reiterating that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") Further, petitioner provides no legal authority for his argument that federal constitutional law requires habeas rulings to be made by "a quorum," and the Court finds none.

Respondent is entitled to summary judgment dismissal of petitioner's claims regarding procedural infirmities in the state courts' handling of his proceedings, and the claims are **DISMISSED WITH PREJUDICE**.

B.  Self-Representation

In his fourth habeas claim, petitioner argues that the trial court denied him his right to self-representation by forcing him to accept legal representation. The state court record refutes petitioner's argument, as petitioner never requested to represent himself. The trial court allowed petitioner to voice his concerns regarding trial counsel's representation, on the record, outside the presence of the jury panel, and prior to voir dire. (Docket Entry No. 21-3, pp. 4–8.) During this time, the court said, "It sounds as though you may be making a request of the Court to have a different attorney appointed to represent you. Is that your question?" *Id.* at 7. Petitioner responded affirmatively. *Id.* The court construed his request as a motion for new counsel and denied it. *Id.* at 8. Contrary to petitioner's assertions, there are no

motions, oral or written, in the record indicating that petitioner asked to be allowed to represent himself.

The state court on collateral review rejected petitioner's claims for habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of petitioner's habeas claim.

## VI. EVIDENTIARY HEARING

Petitioner contends that he is entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2) to discover facts supporting his claims for ineffective assistance of counsel. Section 2254(e)(2) provides that

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A)     the claim relies on—
>
> \*   \*   \*   \*
>
>     (ii)     a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing."

No hearing is required "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Schriro v Landrigan*, 550 U.S. 465, 474 (2007). A federal habeas petitioner is not entitled to an evidentiary hearing if his claims are little more than conclusory allegations unsupported by specifics. *Young v. Herring*, 938 F.2d 543, 560 (5th Cir 1991). Moreover, the Supreme Court holds that federal courts may only rely on the state court record when determining whether a state court decision was contrary to or an unreasonable application of federal law. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Petitioner's claims of ineffective assistance have been resolved based on the pleadings and state court records and there are no relevant factual disputes that require development in order to assess the claims. An evidentiary hearing is **DENIED**.

## VII. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 23) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on FEB 0 1 2023.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE